United States District Court
Southern District of Texas
**ENTERED**
May 13, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:08-CR-00489 |
| | § | CRIMINAL ACTION NO. 2:14-CR-00681 |
| RAYMOND ESTRADA | § | |
| | § | |

# ORDER

Pending before the Court are Defendant Raymond Estrada's letter motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* 2:08-CR-489, D.E. 39, 40; 2:14-CR-681, D.E. 52, 53. The Court DENIES the motions.

## I. BACKGROUND

On August 26, 2008, in Criminal Action 2:08-CR-489, Defendant pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and one count of conspiracy to possess with intent to distribute more than 5 grams of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). *See* 2:08-CR-489, D.E. 22 at 1. On November 13, 2008, the Court sentenced Defendant to 92 months imprisonment—92 months for each count to be served concurrently—and five years of supervised release. *Id.* at 2–3. Defendant did not appeal the judgment. On January 19, 2012, the Court granted a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Defendant's guideline sentencing range that had subsequently been lowered and made retroactive. *See* 2:08-CR-489, D.E. 27. Defendant's sentence was reduced to 63 months. *Id.*

On November 3, 2014, in Criminal Action 2:14-CR-681, Defendant pleaded guilty to one count of possession with intent to distribute 56.1 grams of cocaine base. *See* 2:14-CR-681, D.E. 23 at 1. On February 18, 2015, the Court sentenced Defendant to 188 months imprisonment and

five years of supervised release. *See id.* at 2–3. During the same sentencing hearing, the Court also revoked Defendant's term of supervised release in Criminal Action 2:08-CR-489 and sentenced Defendant to 24 months imprisonment to be served consecutively to the 188-month sentence imposed in Criminal Action 2:14-CR-681. *See* 2:08-CR-489, D.E. 38. Defendant filed a notice of appeal for the conviction and sentence in Criminal Action 2:14-CR-681 on February 23, 2015. *See* 2:14-CR-681, D.E. 25. On October 27, 2015, the Fifth Circuit granted the Government's unopposed motion to remand the case to the district court for resentencing in light of the recent Supreme Court case *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* 2:14-CR-681, D.E. 34.

On December 17, 2015, on remand, the Court resentenced Defendant to 120 months imprisonment with a five-year term of supervised release in Criminal Action 2:14-CR-681. *See* 2:14-CR-681, D.E. 39 at 2–3. The Court did not amend the sentence imposed for the revocation of supervised release in Criminal Action 2:08-CR-489. Defendant timely appealed the amended judgment and sentence on December 21, 2015. *See* 2:14-CR-681, D.E. 41. The Fifth Circuit affirmed the judgment of this Court and issued its mandate on September 28, 2016. *See* 2:14-CR-681, D.E. 50, 51.

Defendant filed *pro se* his letter motion for compassionate release on February 8, 2021. *See* 2:08-CR-489, D.E. 39; 2:14-CR-681, D.E. 52. Defendant filed *pro se* a second letter motion for compassionate release on May 5, 2021. *See* 2:08-CR-489, D.E. 40; 2:14-CR-681, D.E. 53.

## II.  LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, the Court, "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or

the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable," if it finds that "extraordinary and compelling reasons warrant such a reduction," and if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239. The sentencing factors outlined in § 3553(a) that the Court must consider include, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant"; the need for the imposed sentence "to reflect the seriousness of the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant"; and "any pertinent policy statement" issued by the Sentencing Commission. 18 U.S.C. § 3553(a).

### III. DISCUSSION

Defendant petitions the Court for compassionate release due to COVID-19. Before filing a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), a defendant must first petition the Bureau of Prisons, and then must fully exhaust his administrative rights to appeal or wait for 30 days after filing the petition. *United States v. Franco*, 973 F.3d 465, 467–68 (5th Cir. 2020). Defendant does not allege that he requested compassionate release from the Warden of his prison. Defendant has therefore failed to satisfy the exhaustion requirement for the Court to review his motion.

Nevertheless, courts around the country, including the Fifth Circuit, have noted that the exhaustion requirement can be waived during the ongoing COVID-19 pandemic due to "extraordinary and compelling reasons," such as the defendant's age, underlying health

conditions, and family circumstances.  *See, e.g.*, *Valentine v. Collier*, 956 F.3d 797, 807 (5th Cir. 2020) (Higginson, J. concurring); *Coleman v. United States*, 465 F. Supp. 3d 543, 545–49 (E.D. Va. 2020); *United States v. Smith*, 454 F. Supp. 3d 310, 312–14 (S.D.N.Y. 2020).  Defendant is 41 years old and alleges that he has type 1 diabetes.  *See* 2:08-CR-489, D.E. 39 at 1; 2:14-CR-681, D.E. 53 at 1.  The Centers for Disease Control and Prevention ("CDC") identifies diabetes as a condition that may make an adult "more likely to get severely ill from COVID-19."  *See People with Certain Medical Conditions*, COVID-19, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Apr. 29, 2021) (emphasis omitted).  Defendant also alleges that he tested positive for COVID-19 and was hospitalized in December 2020.  *See* 2:08-CR-489, D.E. 39 at 2–3.  However, Defendant does not provide any documentation for the Court to verify his health conditions.  Defendant has therefore failed to demonstrate "extraordinary and compelling reasons" to warrant compassionate release.

Notwithstanding Defendant's failure to exhaust his administrative remedies or to establish extraordinary and compelling reasons, the Court denies Defendant's motion due to his criminal history.  Defendant is a career offender.  He has been convicted of drug-related offenses no less than seven times, including convictions for possession of marijuana, possession of cocaine, possession with intent to distribute a cocaine base, and conspiracy to possess with intent to distribute a cocaine base.  *See* 2:14-CR-681, D.E. 36 at 5–13 (under seal).  He also resisted arrest and twice attempted to evade arrest by use of a motor vehicle.  *See id.*  Evading arrest by use of a motor vehicle presents a grave danger to the public.  Defendant was also convicted of being a felon in possession of a firearm.  His possession of a firearm, in combination with his general criminal history and consistent drug-related offenses, poses another danger to the public.

The imposed sentences are therefore necessary in order to reflect the seriousness of the underlying offenses, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes.  *See* 18 U.S.C. § 3553(a).

### IV.     CONCLUSION

For the foregoing reasons, Defendant's letter motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) are DENIED.

SIGNED and ORDERED this 13th day of May, 2021.

_____
Janis Graham Jack
Senior United States District Judge